IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE DUNN, et al.,

    Plaintiffs,

      v.

    CIVIL ACTION FILE
    NO. 1:12-CV-1047-TWT

BAC HOME LOAN SERVICES, L.P.,
et al.,

    Defendants.

## OPINION AND ORDER

This is a wrongful foreclosure action. It is before the Court on the Defendants' Motion to Dismiss [Doc. 13] and the Defendants' Motion to Stay Pretrial Deadline and Discovery [Doc. 14]. For the reasons set forth below, the Court GRANTS the Defendants' Motion to Dismiss and DENIES as moot the Defendants' Motion to Stay Pretrial Deadline and Discovery.

## I. Background

The Plaintiffs, George Dunn and Victoria Dunn, obtained a loan (the "Loan") from Countrywide Bank, N.A. ("Countrywide") in the amount of $204,400 on September 9, 2006. (Compl. ¶ 7.) To secure repayment of the Loan, the Plaintiffs executed a Security Deed conveying the real property located at 598 Orchard Court,

SE, Atlanta, Georgia 30323 (the "Property") to MERS as nominee for Countrywide. (Compl. ¶¶ 2-4, 7.)  The Security Deed states that MERS has the right to exercise any and all interests granted by the lender. (Compl. ¶ 13.)

On June 15, 2011, MERS, on behalf of Countrywide, assigned and transferred its rights, title, and interest in the Security Deed and the Property to BAC Home Loans Servicing, LP ("BAC") (the "Assignment").  (Compl. ¶ 24; Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, Ex. B.)  Defendant Bank of America, N.A. ("BOA") is the successor by merger to BAC.  The Assignment was recorded. (Compl. ¶¶ 24 & 29.)  The Complaint alleges that BAC "falsely assert[ed] in the notice of foreclosure...that it was the owner and/or holder of [the] promissory note...." (Compl. ¶ 4.)  The Property was sold at a foreclosure sale on August 2, 2011, and the Deed Under Power was recorded in the Fulton County land records on September 13, 2011, in Deed Book 50374 on Page 560. (Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at Ex. C.)      On October 28, 2011, the Plaintiffs filed the Complaint in the Superior Court of Fulton County, Georgia.  BOA was served with the Summons and Complaint on February 27, 2012 [Doc. 1, at ¶ 6].  The Complaint was removed to this Court on March 28, 2012 [Doc. 1] on the basis of diversity jurisdiction.  After this Court's Order granting the Defendants' motion for extension of time to respond to the Complaint, the Defendants filed this Motion to Dismiss [Doc. 13].

## II.   Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).  A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S.Ct. at 1964).

III.  Discussion

A.    Declaratory Judgment

The Plaintiffs do not state a claim for declaratory judgment.  A declaratory judgment is only proper to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct which is properly incident to [the plaintiff's] alleged rights and which future action, without such directions might reasonably jeopardize his interest." Henderson v. Alverson, 217 Ga. 541 (1962).  The Plaintiffs seek a declaratory judgment for the past actions of the Defendants.  The Property has already been foreclosed upon and sold. (Compl. ¶ 30.)  The claim for declaratory judgment should be dismissed.

B.    Wrongful Foreclosure

The Plaintiffs also seek damages for loss of rental income.  The Plaintiffs argue that MERS was acting as an illegal corporate fiduciary and that the Assignment of the Security Deed from Countrywide to BAC was invalid. The Plaintiffs also argue that the notice of the foreclosure sale that they received was invalid.

1.    Assignment

The Plaintiffs argue that MERS could not legally assign the Security Deed from Countrywide to BAC.  The Plaintiffs argue that "MERS is acting in a fiduciary capacity in the case at bar for the note holder that has contracted with MERS to hold

the security for its loan." (Compl. ¶ 14.)  The Plaintiffs claim that "Plaintiffs 'settlor' conveyed legal title to the 'trust property' to MERS as 'trustee' for Countrywide Bank and its successors and assigns, the trust 'beneficiaries.'" (Compl. ¶ 19.)  The Plaintiffs' novel argument has not been accepted by any other courts.  The Court is not convinced by the Plaintiffs' argument that MERS is an illegal corporate trusteeship.

The Plaintiffs rely upon O.C.G.A. § 7-1-242(b), which includes "[a]ccepting or executing trusts or otherwise acting as a trustee" and "[a]dministering...possess[ing], purchas[ing], sell[ing], leas[ing], insur[ing], safekeep[ing], manag[ing], or otherwise oversee[ing]" "real or tangible personal property" as conduct constituting acts of a fiduciary.  Transferring the rights and interests in a security deed by way of assignment does not fall within the range of activities of a fiduciary contemplated by O.C.G.A. § 7-1-242.  Chester v. Bank of America, N.A., 1:11-CV-1562-MHS-GGB (N.D. Ga. Feb. 21, 2012), adopted by Chester v. Bank of America, N.A., 1:11-CV-1562-MHS (N.D. Ga. Mar. 29, 2012). MERS does not conduct any of the tasks listed in O.C.G.A. § 7-1-242. The Plaintiffs have not identified any courts that state that transferring the rights and interests in a promissory note and security deed constitutes "administer[ing] real or tangible property."  The Security Deed identifies MERS as a "nominee."  Georgia courts have approved of MERS acting as a conduit for electronic transfers of mortgage loans.  See,

e.g., Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848 n.1 (2003).

The Security Deed is assignable; MERS had the power to transfer the Security Deed. Security deeds and other mortgage loans are transferrable by way of assignment in Georgia.  See O.C.G.A. § 44-14-64.  Furthermore, the Plaintiffs do not have standing to challenge the assignment from MERS to BAC because they were not a party to the Assignment.  See, e.g., Haldi v. Piedmont Nephrology Assocs., 283 Ga. App. 321, 322 (2007).  All of the Plaintiffs' theories based upon the alleged invalidity of the assignment from MERS to BAC are without merit.

        2.    Notice

The Plaintiffs also contend that the notice of the foreclosure sale was invalid. The Plaintiffs argue that the notice was invalid because it did not identify the secured creditor who had the authority to foreclose.  This argument is meritless.  The Plaintiffs admit that they received notice of the foreclosure sale from BAC or BOA; they contend that the content of the notice was insufficient.  O.C.G.A. § 44-14-162.2 provides that the letter giving notice of the foreclosure sale to the homeowner must identify the secured creditor who has the authority to foreclose. Stubbs v. Bank of America, 844 F. Supp. 2d 1267 (N.D. Ga. 2012); Reese v. Provident Funding Assoc., LLP, 317 Ga. App. 353, 358 (2012) ("Provident's fatal mistake was in sending a notice that failed to properly identify the secured creditor.").  The Plaintiffs admit that

either BAC or BOA was identified as the secured creditor in the foreclosure notice. Having found that the Assignment was valid and that BOA was the secured creditor as the successor by merger to BAC, the Defendants complied with O.C.G.A. § 44-14-162.2.

Whether BOA or BAC was listed as the secured creditor, the Defendants complied with O.C.G.A. § 44-14-162.2.  BOA was the secured creditor.  BAC merged with BOA on July 1, 2011, before the foreclosure sale took place.  Georgia law is clear that "a successor by merger receives vested title to real estate 'without further act or deed, and without conveyance, transfer, or assignment [sic] having occurred.'" Jiles v. PNC Bank National Ass'n, No. 5:10-CV-180, 2012 WL 3241927, at *2 (M.D. Ga. Aug. 7, 2012), quoting O.C.G.A. § 14-2-1106(a)(2).  "Thus, because [BOA] is [BAC's] successor by merger, [BOA] was not required to record its assignment." Jiles, 2012 WL 3241927, at *2; accord Cordell v. Mohawk Indus., Inc., 269 Ga. App. 168, 169 (2004).

O.C.G.A. § 44-14-162(b) provides: "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."  The Court does not have before it a copy of the foreclosure notice and does not have clarity regarding the location or date of the

recording of the Assignment.  The Complaint lists a variety of facts and dates which have confused the Court as to the chronology of the events pertinent to this case, such as the Plaintiffs' claim that the Assignment occurred on June 15, 2010, when the Defendants furnished proof that it occurred on June 15, 2011 (Compl. ¶ 24; Defs.' Br. in Supp. of Defs.' Mot. to Dismiss, at Ex. B); the Plaintiffs' claim that the Assignment was recorded on July 7, 2012, with the Fulton County land records when the Plaintiffs filed the Complaint on October 28, 2011 (Compl. ¶ 24); and the Plaintiffs' contradictory assertion that the Assignment was dated December 9, 2010, and was recorded in the land records of Douglas [sic] County on December 30, 2010. (Compare Compl. ¶ 24 with Compl. ¶ 29.)  While the Complaint makes reference to O.C.G.A. § 44-14-162, it does so only to argue that the secured creditor has not filed a security instrument or assignment vesting it with title because it claims that BOA is not the secured creditor as the Assignment was invalid.  As stated above, this argument is meritless.  The Complaint does not appear to allege that the foreclosure notice was insufficient because neither BAC nor BOA recorded the Assignment prior to the foreclosure sale.  Since the Plaintiffs do not appear to make this argument, the Court will not consider it.  All other arguments as to the sufficiency of the notice have been abandoned.

      3.    <u>Failure to Tender</u>

"The requirement to tender the amount of indebtedness admittedly due is based on the maxim that 'he who would have equity must do equity...'" <u>Williamson v. Bank of America, N.A.</u>, 1:11-CV-1161-AT, at *11 (N.D. Ga. July 7, 2011), citing <u>Wright v. Intercounty Props., Ltd.</u>, 238 Ga. 492, 493 (1977).  As the Defendants' cases illustrate, failure to tender the amount admittedly due may preclude equitable relief. <u>See</u> <u>Smith v. Citizens & S. Fin. Corp.</u>, 245 Ga. 850, 852 (1980); <u>Mickel v. Pickett</u>, 241 Ga. 528, 535 (1978).  There is an exception to the tender requirement: "no tender [is] required where the complainant allege[s] that no sums [are] due under the notes involved because the notes [are] void and unenforceable."  <u>Everson v. Franklin Discount Co.</u>, 248 Ga. 811, 813 (1982).  Yet, "a mere allegation in a complaint that 'no sums are due' may not be sufficient to excuse tender..." <u>Sapp v. ABC Credit & Inv. Co.</u>, 243 Ga. 151, 158 (1979).  The Plaintiffs argue that they did not tender to BOA the amount owed  because neither BAC nor BOA was the lawful owner of the Note and Security Deed.  For the reasons set forth above, this argument is meritless, and does not excuse a failure to tender.

      C.    <u>Punitive Damages and Attorneys' Fees</u>

The Plaintiffs' claims for punitive damages and attorney fees are derivative to their substantive claims and, therefore, should be dismissed because of the failure of the substantive claims.

IV.  <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS the Defendants' Motion to

Dismiss [Doc. 13] and DENIES as moot the Defendants' Motion to Stay Pretrial

Deadlines and Discovery [Doc. 14].

SO ORDERED, this 23 day of April, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge